IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE AGUILAR,**<br><br>Petitioner,<br><br>v.<br><br>**F. GONZALEZ, Warden,**<br><br>Respondent. | Case No. 1:12-cv-01240 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**(Doc. 11)** |

Petitioner is a state prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He proceeds *pro se*. Respondent is represented in the action by Krista L. Pollard of the Office of the Attorney General for the State of California.

**I.      DISCUSSION**

In 2003 and 2008, Petitioner was convicted in state court of voluntary manslaughter and the possession of illegal drugs while in prison and sentenced to fifteen (15) years in state prison. On September 14, 2009, his jailors validated him as a member of the Mexican Mafia gang, consequent to which he was placed in the Secured Housing Unit for an indeterminate term.

In 2010, amendments to California Penal Code § 2933.6 rendered certain prison gang members and associates, such as Petitioner, ineligible for certain time credits.

1

Before the 2010 amendment, "it was apparently possible for validated prison gang members placed in an [administrative segregation unit] to earn conduct credits totaling one-third of their sentences." In re Efstathiou, 200 Cal. App. 4th 725, 728, 133 Cal. Rptr. 3d 34 (Cal. Ct. App. 2011). After the amendment, a validated gang member or associate in administrative segregation, such as Petitioner, could no longer earn such conduct credits. Petitioner asserts that the new law extends the duration of his confinement and that application of the mended law to his sentence violates the Ex Post Facto Clause.

On June 25, 2013, Respondent filed a Motion to Dismiss the petition for failure to state a cognizable claim. Petitioner filed an opposition to the motion and Respondent filed a reply on July 15 and July 25, 2013, respectively.

**II.    DISCUSSION**

**A.    Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates that the court may dismiss a petition for writ of habeas

corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 U.S. Dist. LEXIS 72056, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Discussion – Ex Post Facto Claim

Petitioner claims that the application of the amended statute to his sentence violates the Ex Post Facto Clause. The state superior court, sitting in habeas review of this claim, did not agree. (Pet. ECF No. 1 at 26-27.) It rejected the claim because the statute is not applied retroactively and that Petitioner could avoid the implications of the statute by taking actions to debrief from the gang. (Id.) The state appellate and supreme courts summarily denied petitioner's applications for habeas relief. (Id. at 34, 36.) The Court notes that the law has not caused the forfeiture or cancellation of any credits petitioner earned prior to the 2010 amendment.

"To fall within the ex post facto prohibition, a law must be retrospective — that is, 'it must apply to events occurring before its enactment' — and it 'must disadvantage the offender affected by it,' . . . by altering the definition of criminal conduct or increasing the punishment for the crime." Lynce v. Mathis, 519 U.S. 433, 441 (1997) (citations omitted). A change in the law does not violate the Ex Post Facto Clause if it creates only a speculative and attenuated possibility of increased punishment. California Dept. of Corrections v. Morales, 514 U.S. 499, 514 (1995). The mere removal of a possibility of earlier release is insufficient. Id. at 508.

Two Supreme Court cases are relevant here, Weaver v. Graham, 450 U.S. 24 (1981) and Lynce, cited above. In Weaver, the Supreme Court analyzed a state law that changed the formula for calculating good time credits so as to reduce the credits available for good conduct. Because the law at issue decreased the rate at which good

time credits could be earned, and effectively increased the punishment for crimes committed before its enactment, it ran afoul of the Ex Post Facto Clause. Id. at 33, 36 (citation omitted).

In Lynce, the Supreme Court found an Ex Post Facto violation in a change in a state law concerning provisional early release time credits awarded to inmates to alleviate prison overcrowding. Lynce had been released prior to the expiration of his 22 year sentence in part because of the high number of credits he had accumulated. After he was released, the state enacted a law cancelling the overcrowding credits for certain inmates, such as Lynce. The Supreme Court invalidated the law because it did not merely remove an opportunity for early release, but instead "made ineligible for early release a class of prisoners who were previously eligible." 519 U.S. at 447.

Turning to the instant matter, this Court concludes that the state court's decision was not an unreasonable application of Weaver and Lynce.[1] This conclusion is supported by a discussion of the two California appellate decisions on which the state court denied petitioner's habeas petition. See In re Sampson, 197 Cal. App. 4th 1234, 130 Cal. Rptr. 3d 39 (Cal. App. Ct. 2011); In re Efstatiou, 200 Cal. App. 4th at 728, 133.

In Sampson, the state appellate court was "not convinced that it [§ 2933.6] punishes the criminal conduct for which petitioner was imprisoned, or that it punishes misconduct that occurred prior to January 25, 2010[, the effective date of the amended 2933.6]":

> [I]f the credit eliminating amendment to section 2933.6 constitutes punishment, ex post facto principles do not bar its application to petitioner here, because it does not impose punishment for the offense that gave rise to petitioner's prison sentence. Rather, if it punishes, it punishes for conduct that occurred after the commission of, or the conviction for, the punishable offense. In other words, petitioner's ineligibility for conduct

---

[1] The only Supreme Court decision that supports petitioner's challenge is Greenfield v. Scafati, 277 F. Supp. 644 (D. Mass. 1967), summarily aff'd, Scafati v. Greenfield, 390 U.S. 713 (1968). However, Greenfield involved the constitutionality of a change in law which effectively increased a sentence upon revocation of parole. The district court focused particularly on the right to parole and the consequences of denying or burdening that opportunity. See 277 F. Supp. at 646. The district court did not analyze the Ex Post Facto doctrine outside the context of parole revocation; it did not address the situation here where the state has increased punishment (by denying good time credits).

4

> credit accrual is not punishment for the offense of which he was convicted. Nor is it punishment for gang-related conduct that occurred prior to January 25, 2010, since petitioner was not stripped of conduct credits he had already accrued. It is punishment for gang-related conduct that continued after January 25, 2010.

197 Cal. App. 4th at 1242. The state court rejected the lower's court's concern that the lengthy gang-debriefing process could deprive a prisoner who is no longer committing gang-affiliated misconduct. Such possibility was speculative and attenuated, there being no evidence that if the petitioner completed debriefing, he would be denied all the credits he otherwise would have earned after January 25, 2010. Id. at 1243-44.

In In re Efstathiou, the state appellate court again rejected an Ex Post Facto challenge to the amended § 2933.6, using a similar analysis as to that in Sampson. The state court distinguished Weaver by noting that the credits at issue there "were reduced through no fault of [the prisoner]." 200 Cal. App. 4th at 729.

Habeas relief is not warranted in the instant matter because the state court's decision was reasonable under Weaver and Lynce. The state court decisions in Sampson and Efstathiou relied upon (1) the date of in-prison misconduct after the amendment date of § 2933.6 rather than the date of the underlying criminal offense to determine whether the amended law was retrospective, and (2) determined that the law punished ongoing conduct, not a past event. A determination so based was not contrary to, or an unreasonable application of, Weaver and Lynce.[2] In those cases, good time credits were unilaterally withdrawn or diminished as a result of a change in the rules, a diminution not triggered by any particular misconduct by the prisoner. The reduction in time credits available to those inmates who demonstrated good conduct effectively punished the original crime rather than any recent conduct of the prisoner. Neither Weaver nor Lynce precludes changes in laws that punish prison misconduct occurring

---

[2] Federal district courts have uniformly rejected Ex Post Facto challenges to 2933.6. These courts have found either (1) no constitutional violation, see, e.g., Loredo v. Gipson, 2013 U.S. Dist. LEXIS 42021, 2013 WL 1281570 (E. D. Cal. 2013) and Mares v. Stainer, 2012 U.S. Dist. LEXIS 11819, 2012 WL 345923 (E. D. Cal. 2012), or (2) the absence of clearly established Supreme Court precedent justifying issuance of the writ, e.g., Alfaro v. Lewis, 2013 U.S. Dist. LEXIS 85603 (N.D. Cal. 2013); Nevarez v. Lewis, 2012 U.S. Dist. LEXIS 119966, 2012 WL 3646895 (N. D. Cal. 2012), and Baisa v. Lewis, 2013 U.S. Dist. LEXIS 37264, 2013 WL 1117798 (N. D. Cal. 2013).

after the change in law. In this regard, the state court reasonably determined that § 2933.6 is not being applied retrospectively to Petitioner. It penalizes only ongoing prison misconduct occurring after the January 25, 2010 amendment. The Court recommends that Motion to Dismiss be granted and Petitioner's Ex Post Facto claim be denied.

### III. **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Motion to Dismiss be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 7, 2013                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE